**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eldon M. Schurz, | No. CV-97-580-PHX-EHC |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| Dora Schriro, et al., | **ORDER** |
| Respondents. | |

Pending before the Court is Petitioner's motion for reconsideration, asking that the Court reconsider its January 13, 2006, Order which denied, in part, Petitioner's renewed motion to amend his habeas petition. (Dkt. 135.)

**LEGAL STANDARD-MOTION TO RECONSIDER**

A district court's reconsideration of an Order is appropriate under three circumstances: (1) if the Court is presented with newly discovered evidence; (2) if the Court committed clear error or its initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. See <u>School Dist. No. 1J v. AC and S, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

**DISCUSSION**

Petitioner argues that the Court committed clear error in determining that Claim 8 was meritless. (Dkt. 135 at 2.) In Claim 8, Petitioner argues that the state trial court violated his Sixth Amendment right to confront witnesses and his Fourteenth Amendment right to due process when the trial court overruled defense counsel's objection and allowed Patrick

1 Allison to testify regarding a statement Petitioner allegedly made to his girlfriend, Julie
2 Moore. (Id. at 2-7.)  At trial, the court allowed co-defendant Patrick Allison to testify
3 regarding a statement Petitioner allegedly made to Moore:

> Q: Okay. So what did you hear [Petitioner] say to Julie?
> A: I believe it was, "He [the victim] wouldn't give me the money or the beer so I burned him."

6 (R.T. 6/6/90 at 107.)[1]  In his motion for reconsideration, Petitioner continues his argument
7 that the challenged out-of-court statement was unreliable hearsay, the admission of which
8 rendered his trial fundamentally unfair. (Dkt. 135 at 2-5.)

9 Initially, the Court reiterates that to the extent Petitioner is contending that the state
10 trial court improperly determined that these statements were admissible under Arizona law,
11 he is not entitled to relief on such a claim. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)
12 (stating that it is not the province of a federal habeas court to reexamine state-court
13 determinations on state-law questions).  A federal habeas court is not a state supreme
14 court of errors and, consequently, a habeas court does not review questions of state
15 evidence law. See Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir. 1991). "A state
16 court's evidentiary ruling is grounds for federal habeas relief only if it renders the state
17 proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988
18 F.2d 86, 87 (9th Cir. 1993).

19 This Court did not clearly err in concluding that the trial court's admission of
20 Petitioner's out-of-court statement did not render his trial so fundamentally unfair as to
21 violate due process.  The Court's conclusion is buttressed by the fact that Petitioner's
22 statement was properly admitted as an admission of a party opponent, which is not
23 hearsay. See Ariz. R. Evid. 801(d)(2)(A); United States v. Moran, 759 F.2d 777 (9th Cir.
24 1985) (concluding that letters and other documents signed by defendant were admissible
25 as admissions of a party opponent); Shuck v. Texaco Refining & Marketing, Inc., 178 Ariz.

---

[1] "RT" refers to the reporter's transcripts of Petitioner's trial.

295, 297-98, 872 P.2d 1247, 1249-50 (App. 1994) (admitting statement made by unidentified employee to plaintiff as an admission of a party opponent).

Moreover, the Court did not clearly err in its evaluation of the state court factual record on this issue. In Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004), the Ninth Circuit described the deference owed to state court fact finding under the AEDPA, 28 U.S.C. § 2254(d)(2):

> What the 'unreasonable determination' clause teaches us is that, in conducting this kind of intrinsic review of a state court's processes, we must be particularly deferential to our state-court colleagues. For example, in concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

A particular deference to credibility findings was emphasized by the U.S. Supreme Court in Marshall v. Lonberger, 459 U.S. 422, 444 (1983), where the Court commented that: "28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."

The state court factual finding that Allison overheard Petitioner make this statement to Moore is not an objectively unreasonable version of the facts; rather it is supported by the record. Both the trial court and the Arizona Supreme Court made this factual finding. (See State v. Schurz, 176 Ariz. 46, 50, 859 P.2d 156, 160 (1993); ROA 137 at 4.)[2] The state courts reasonably concluded that this finding is supported by the record.

Finally, Petitioner continues his objection that the state court violated his Sixth Amendment right to confrontation because he "was not afforded an opportunity to challenge the validity of Julie Moore's statement by cross-examining Julie Moore." (Dkt. 135 at 5.) Petitioner cites Crawford v. Washington, 541 U.S. 36 (2004) to argue that "a

---

[2] "ROA" refers to documents in the five-volume record on appeal from trial, sentencing, and the first and second petitions for post-conviction relief.

- 3 -

1  reasonable person would believe that Julie Moore's statement would be available for use
2  at trial, as it goes to the heart of the case against" Petitioner. (Id. at 6.) A habeas court
3  may only look at the holdings of the United States Supreme Court as they existed at the
4  time of the relevant state court decision to determine whether the state court decision was
5  contrary to, or an unreasonable application of clearly established federal law. See Williams
6  v. Taylor, 529 U.S. 362, 365 (2000) (construing 28 U.S.C. § 2254(d)(1)). Thus, the relevant
7  time frame at issue here, 1990-1993, would exclude any consideration of Crawford.

However, even if Crawford were applicable, it would not benefit Petitioner. In Crawford, the Court concluded that a testimonial statement from a witness who does not appear at trial is inadmissible against the accused unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination of the witness. 541 U.S. at 68. Even though Petitioner continues his argument that he did not have an opportunity to cross-examine Julie Moore, the declarant of the statement was Petitioner himself, not Julie Moore. Patrick Allison overheard Petitioner's statement and testified to it at trial; Petitioner certainly had the opportunity and did cross-examine Allison at trial. (R.T. 6/6/90 at 112-31.) Crawford does not allow a defendant to prevent his own statement from being admitted against him. As this Court already stated, "the challenged out of court statement was made by Petitioner himself, which makes the statement an admission of a party opponent, which is not hearsay. See Ariz. R. Evid. 801(d)(2)(A). Since the out of court statement was made by Petitioner himself, he can claim no confrontation violation." (Dkt. 133 at 24.) When out of court statements made by a defendant are admitted at trial as the admission of a party opponent, there is no violation of the Confrontation Clause. See Moran, 759 F.2d at 786.

Based on the foregoing,

**IT IS ORDERED** denying Petitioner's motion for reconsideration. (Dkt. 135.)

DATED this 29th day of March, 2006.

_____
Earl H. Carroll
United States District Judge