1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8    Eldon M. Schurz,                    )   No. CV-97-580-PHX-EHC
                                         )
9              Petitioner,               )   DEATH PENALTY CASE
                                         )
10   v.                                  )
                                         )
11                                       )   **ORDER RE: CERTIFICATE OF**
                                         )   **APPEALABILITY**
12   Dora Schriro, et al.,               )
                                         )
13             Respondents.              )
                                         )
14   _____   )

15          The Court has denied Petitioner Eldon Schurz's petition for a writ of habeas corpus.

16   In the event Petitioner appeals from this Court's judgment, and in the interests of conserving

17   scarce Criminal Justice Act funds that might be consumed drafting an application for a

18   certificate of appealability to this Court, the Court on its own initiative has evaluated the

19   claims within the petition for suitability for the issuance of a certificate of appealability. *See*

20   28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

21          Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal

22   is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a

23   certificate of appealability ("COA") or state the reasons why such a certificate should not

24   issue.  Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has

25   made a substantial showing of the denial of a constitutional right."  This showing can be

26   established by demonstrating that "reasonable jurists could debate whether (or, for that

27   matter, agree that) the petition should have been resolved in a different manner" or that the

28

1    issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529

2    U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For

3    procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the

4    petition states a valid claim of the denial of a constitutional right, and (2) whether the court's

5    procedural ruling was correct.  *Id.*

6            The Court finds that reasonable jurists could debate its resolution of the issues set

7    forth in Claim 11(A).  The Court therefore grants a certificate of appealability as to this issue.

8    For the reasons stated in the Court's Memorandum of Decision and Order filed

9    simultaneously on this date, the Order regarding the procedural status of Petitioner's claims

10   filed on September 11, 2000 (Dkt. 29), and the Order granting, in part, and denying, in part,

11   Petitioner renewed motion to amend, filed on January 13, 2006 (Dkt. 133), the Court declines

12   to issue a certificate of appealability with respect to the remaining claims and procedural

13   issues.

14           Based on the foregoing,

15           **IT IS HEREBY ORDERED** that the Court grants a Certificate of Appealability as

16   to the following issue:

17           Whether Claim 11(A), alleging a violation of Petitioner's right to effective
         assistance of counsel at the sentencing phase of trial due to a failure to
18       investigate and present available mitigation, fails on the merits.

19       DATED this 24th day of September, 2007.

20

21   _____

22                   Earl H. Carroll
                United States District Judge

23

24

25

26

27

28