**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eldon M. Schurz,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-97-580-PHX-EHC<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Before the Court is Petitioner's motion to alter or amend judgment. (Dkt. 157.) The motion is brought in response to the Court's Order denying Petitioner's amended habeas corpus petition. (Dkts. 154, 155.) Petitioner requests reconsideration of the Court's ruling regarding one claim.

**Rule 59**

A motion to alter or amend judgement under Rule 59(e) of the Federal Rules of Civil Procedure is essentially a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see also 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling

law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

**Claim Four**

Petitioner contends that this Court's denial of Claim Four was in clear error and manifestly unjust. (Dkt. 157 at 2.) Claim Four alleges that pursuant to *Ake v. Oklahoma*, 470 U.S. 68 (1985), the state courts unreasonably erred in denying Petitioner the appointment of a mental health professional in order to investigate insanity as a possible defense at trial. (*Id.*) For the most part, Petitioner's motion for reconsideration presents the same arguments that this Court has already rejected. (*See* Dkt. 154 at 8-18.)

Based on *State v. Christensen*, 129 Ariz. 32, 628 P.2d 580 (1981), Petitioner contends that *Ake* required the appointment of a mental health expert prior to trial to allow him to attempt to establish lack of premeditation due to the possibility of a character trait for impulsivity. (Dkt. 157 at 3.)

In *Ake*, the Supreme Court held that the state trial court erred in denying the defendant the appointment of a mental health expert to support his defense of insanity. Ake's need for expert assistance was based on the following record:

> [I]t is clear that Ake's mental state at the time of the offense was a substantial factor in his defense, and that the trial court was on notice of that fact when the request for a court-appointed psychiatrist was made. For one, Ake's sole defense was that of insanity. Second, Ake's behavior at arraignment, just four months after the offense, was so bizarre as to prompt the trial judge, sua sponte, to have him examined for competency. Third, a state psychiatrist shortly thereafter found Ake to be incompetent to stand trial, and suggested that he be committed. Fourth, when he was found to be competent six weeks later, it was only on the condition that he be sedated with large doses of Thorazine three times a day, during trial. Fifth, the psychiatrists who examined Ake for competency described to the trial court the severity of Ake's mental illness less than six months after the offense in question, and suggested that this mental illness might have begun many years earlier.

- 2 -

*Ake*, 470 U.S. at 86. Insanity was Ake's sole defense at trial. Therefore, when the trial court denied the appointment of a mental health expert, Ake had no expert testifying that he was insane at the time of the murders. *Ake*, 470 U.S. at 72.

In the present case, Petitioner moved the trial court for a Rule 11 competency evaluation and noticed to the court a possible defense of insanity. (*See* Dkt. 154 at 9-11.) The trial court authorized a mental health professional to examine Petitioner to evaluate his competency and to determine if he needed additional mental health testing in light of his notice of a possible insanity defense. (*Id.*) The trial court received a report from Dr. Jack Potts finding Petitioner competent to stand trial and competent at the time of the murder. (*Id.*) On this record, the trial court denied Petitioner's request for further psychiatric assistance.[1] (*Id.* at 11.)

After reviewing the entire record, including Dr. Potts's report, the Arizona Supreme Court found that the trial court's decision was not an abuse of discretion because "[t]here is nothing in [Dr. Potts's] report to indicate that there was any real question regarding [Petitioner's] sanity at the time of the offenses." *Schurz*, 176 Ariz. at 54, 859 P.2d at 164. (*Id.*) This Court reviewed the decision of the Arizona Supreme Court pursuant to the AEDPA and concluded:

> The supreme court's treatment of this claim is not unreasonable. Petitioner did not meet the threshold standard required by *Ake* for the appointment of a mental health expert because he failed to demonstrate that his sanity or mental capacity at the time of the crime was likely to be a significant factor in his guilt phase defense. Dr. Potts's report does not suggest that Petitioner's sanity at the time of the offenses would likely be a significant factor at trial. Rather, Dr. Potts found Petitioner competent to stand trial and able to assist in his defense.

(*Id.* at 12-13.)

This conclusion was not in error. *Ake* has not been extended outside the context of an insanity defense. *See Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (refusing to indicate that *Ake* extends to other requests for experts); *see also Williams v. Schriro*, 441 F.3d 1030,

---

[1] After the trial court denied Petitioner's Rule 11 motion, Petitioner did not pursue the issue of his mental condition as a defense at trial. Instead, the defense theory was that Petitioner's co-defendant committed the murder.

1048 (9th Cir. 2006) (*Ake* does not require a mental health expert be appointed whenever a defendant is contemplating an insanity defense; rather, defendant must make a threshold showing that the appointment is reasonably necessary); *State v. Herrera*, 176 Ariz. 21, 859 P.2d 131 (1993) (same). Because the United States Supreme Court has not expanded the holding in *Ake* to require the guilt-stage appointment of a mental health expert where the defendant is not offering an insanity defense, the decision of the Arizona Supreme Court denying this claim was not an unreasonable application of clearly established federal law. *See Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004) (AEDPA would "be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law"); *Williams v. Taylor*, 529 U.S. 362, 381 (2000) (habeas relief cannot be granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner). Therefore, Petitioner is not entitled to relief on Claim Four.

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's motion for reconsideration. (Dkt. 157.)

DATED this 23rd day of October, 2007.

Earl H. Carroll
United States District Judge

- 4 -