Jon M. Sands
Federal Public Defender
Jennifer Y. Garcia (Arizona Bar No. 021782)
Paula K. Harms (Arizona Bar No. 022489)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
jennifer_garcia@fd.org
paula_harms@fd.org
602.382.2816
602.889.3960 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eldon M. Schurz,<br>Petitioner,<br>vs.<br>Dora B. Schriro, et al.,<br>Respondents, | CV-97-580-PHX-EHC<br><br>Death Penalty Case<br><br>Reply to Motion for Leave to File Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) |

Pursuant to Federal Rule of Civil Procedure 60(b)(6), Petitioner Eldon M. Schurz hereby replies to his Motion for Leave to File Motion for Relief from Judgment. Schurz respectfully re-urges his requests that the Court grant him relief from its September 25, 2007, judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dist. Ct. Doc. No. 155.) This reply is supported by the attached Memorandum in Support.

Respectfully submitted this 24th day of August, 2009.

Jon M. Sands
Federal Public Defender
Jennifer Y. Garcia
Paula K. Harms

By s/ Jennifer Y. Garcia
Counsel for Petitioner-Appellant

**Certificate of Service**

I hereby certify that on August 24, 2009, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeffrey Zick
Office of the Attorney General
Criminal Appeals Section
1275 W. Washington
Phoenix, AZ 85007

By:  s/Samantha Linley
Legal Secretary
Capital Habeas Unit

Jon M. Sands
Federal Public Defender
Jennifer Y. Garcia (Arizona Bar No. 021782)
Paula K. Harms (Arizona Bar No. 022489)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
jennifer_garcia@fd.org
paula_harms@fd.org
602.382.2816
602.889.3960 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eldon M. Schurz,<br>Petitioner,<br>vs.<br>Dora B. Schriro, et al.,<br>Respondents, | CV-97-580-PHX-EHC<br><br>Death Penalty Case<br><br>Memorandum in Support of Reply to Motion for Leave to File Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) |

Pursuant to Federal Rule of Civil Procedure 60(b)(6), Petitioner Eldon M. Schurz respectfully requests that this Court grant him leave to file his Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6). (Dist. Ct. Doc. No 166.)

## Introduction

On August 6, 2009, in addition to several other concurrent filings, Schurz filed a Motion for Leave to File Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), with his proposed Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) filed as a proposed lodged document. (Dist. Ct. Doc. Nos. 165, 166.) On August 14, 2009, Respondents filed a Response in Opposition to Motion for Relief from

Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] This filing was in error because this Court has not yet granted Schurz's motion for leave to file the Rule 60(b)(6) motion, so Respondents have opposed a document that has not yet been filed. To date, Respondents have not filed a response to Schurz's motion for leave to file the Rule 60(b)(6) motion, and pursuant to Local Rule 7.2(i), this Court can deem that motion to be consented to by Respondents. Although there are no arguments in opposition to the motion for leave to file for Schurz to reply to, in an abundance of caution, Schurz has briefly replied to Respondents' arguments in opposition to merits of the Rule 60(b)(6) motion below.

**II. Reply re: Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6).**

In opposition to Schurz's motion for relief from judgment, Respondents have done little other than re-urge their argument that Schurz was not diligent in state court and thus this Court correctly denied his motions for evidentiary development. Schurz has always maintained that he was diligent in state court (*See, e.g.*, Dist. Ct. Doc. Nos. 67, 80, 115),[2] and thus evidentiary development should have been allowed.

Respondents also argue that no "extraordinary circumstances" have been shown justifying relief pursuant to Rule 60(b)(6). (Dist. Ct. Doc. No. 169 at 5.) However, the additional evidence Schurz has located in support of his claims, especially the sole claim certified for appeal, is extraordinary and requires

---

[1]Although Respondents' response in opposition was linked to the correct document in the CM/ECF system, the title of the document refers only the motion for relief from judgment, not the motion for leave to file, and the document itself is in response to the merits of the motion for relief from judgment.

[2]Respondents also noted that some of Schurz's record citations were incorrect, but failed to note which ones. (Dist. Ct. Doc. No. 169 at 3 n.2.) Counsel for Schurz checked the citations and were unable to find any errors.

relief. This is especially true because this Court denied relief on Schurz's claims precisely because the Court found that he had failed to prove prejudice despite the Court's repeated failure to provide requested funding for experts and investigation that would have provided the necessary evidence to support a prejudice finding. Counsel for Schurz now have been able to provide crucial evidence in support of Schurz's claims and this Court should consider that evidence in ruling upon Schurz's petition for writ of habeas corpus.

Finally, Respondents state that the underlying issue is one that can be raised on appeal. However, Respondents do not cite any authority that would allow Schurz to do so. While it is true that Schurz can litigate his certified claim on appeal, in addition to any additional claims certified by the Ninth Circuit Court of Appeals, there is no appellate vehicle to allow Schurz to present evidence on appeal that was not considered by the district court. Because this Court erred in denying Schurz's numerous requests for evidentiary development and because the crucial evidence Schurz's counsel have developed directly relates to Schurz's certified claim, a motion for relief from judgment is necessary to bring the evidence to the Court's attention and to provide an opportunity for the Court to restore the integrity of Schurz's habeas proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 533 (stating that a habeas corpus petitioner may rely on Rule 60(b) to remedy a defect in the integrity of his or her federal habeas proceedings).

**Conclusion**

For the foregoing reasons, Schurz respectfully requests that the Court grant his Motion for Leave to File Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), grant him relief from the judgment in this case pursuant to that motion and that it permit his current appointed counsel to file an amended petition for habeas corpus relief.

Respectfully submitted this 24th day of August, 2009.

        Jon M. Sands
        Federal Public Defender
        Jennifer Y. Garcia
        Paula K. Harms

        s/ Jennifer Y. Garcia
        Counsel for Petitioner